# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

2/12/2013

RE:   MICHAEL T. VEST V. JEROME WALSH, ET. AL.
          CA No. 13-3845

# NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Hart, on this date in the above captioned matter.  You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)).  **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By: _John Arrow_
          John Arrow, Deputy Clerk

cc:   Courtroom Deputy to Judge Slomsky
          Vest
          Hutton

civ623.frm
(11/07)

Hart



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL T. VEST          :          CIVIL ACTION
                         :
    v.                   :
                         :          NO. 13-3845          **FILED**
JEROME WALSH, et al.     :
                                                         FEB 1 1 2014

                                                         **MICHAEL E. KUNZ, Clerk**
                                                         **By___ᴀ___Dep. Clerk**

### SUPPLEMENTAL REPORT AND RECOMMENDATION

**JACOB P. HART**                                        **February 11, 2014**

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by

Michael T. Vest, who is currently incarcerated at the State Correctional Institution in Dallas,

Pennsylvania. On February 26, 1988, Vest shot and killed Elizabeth Johnson, a 74 year-old

woman, in a cemetery as she was placing flowers upon her family's grave. On January 24, 1989,

following a jury trial in the Court of Common Pleas of Delaware County, Vest was convicted of

second degree murder, possession of an instrument of crime and possession of a firearm without

a license. Vest was 16 years-old when he committed the crime (born September 24, 1971). On

October 23, 1991, Vest was sentenced to a mandatory term of life imprisonment without the

possibility of parole for the second degree murder conviction and a concurrent term of two and

one half to five years for possession of an instrument of crime. The Superior Court affirmed the

judgment of sentence on July 22, 1992. Vest's counsel filed a request for extension of time to

file a Petition for Allowance of Appeal, but the Pennsylvania Supreme Court denied the request

on September 17, 1992.

In December of 1996, Vest filed his first petition pursuant to the Post Conviction Relief

Act ("PCRA"), 42 Pa.C.S. §§ 9541, et seq. The petition was denied following a hearing. Vest

filed a second PCRA petition on November 15, 2007, seeking reinstatement of his right to appeal

the denial of his first PCRA petition. The petition was denied on November 5, 2008. The Superior Court affirmed the denial of the PCRA petition on September 17, 2009. On February 22, 2010, the Pennsylvania Supreme Court denied a Petition for Allowance of Appeal.

On June 7, 2010, Vest filed a third PCRA petition, seeking relief under the United States Supreme Court's decision in Graham v. Florida, 130 S. Ct. 2011 (2010). The Court denied the petition on September 9, 2010 and the Superior Court affirmed on April 12, 2011.

Vest filed a fourth PCRA petition seeking relief under Miller v. Alabama on July 11, 2012. His appointed counsel filed an amended petition, acknowledging that the Pennsylvania Supreme Court had not yet decided whether Miller applies retroactively to petitioners on collateral review. The PCRA court denied the petition on June 19, 2013. Vest filed a pro se Notice of Appeal and Statement of Questions Presented on Appeal.

On July 5, 2013 (docketed July 16, 2013), the PCRA court filed an amended order noting that the petition was dismissed without prejudice to petitioner's opportunity to file a subsequent petition if Miller is held to apply retroactively to petitioners who have exhausted their direct appeal rights.

On August 8, 2013, the court appointed counsel to represent Vest on his appeal of the denial of his PCRA petition. Counsel has now filed a Concise Statement of Matters Complained of on Appeal. The appeal remains pending and the Superior Court has not yet issued a briefing schedule

On June 6, 2013, Vest filed the instant petition for writ of habeas corpus in the Middle District of Pennsylvania, raising the Miller issue. The Middle District appointed counsel to represent Vest, pursuant to a standing order in that district for cases involving Miller. Counsel filed a motion to transfer to the Eastern District and on June 28, 2013, United States Magistrate

2

Judge Martin C. Carlson transferred the case to the Eastern District of Pennsylvania. On September 16, 2013, Judge Slomsky referred the case to the undersigned for a Report and Recommendation. Respondents filed a response stating that the petition is untimely and unexhausted, but indicating that they did not oppose granting a stay pending completion of Vest's state court proceedings. The undersigned issued a Report and Recommendation on October 24, 2013, recommending that the petition be stayed pending Vest's exhaustion of his claim in state court.

On October 30, 2013, the Pennsylvania Supreme Court issued its opinion in Commonwealth v. Cunningham, in which it held that the holding from Miller will not be applied retroactively to cases on collateral review. Commonwealth v. Cunningham, 2013 WL 5814388 (Pa. Oct. 30, 2013). In light of this ruling, Vest sent a letter asking the Court, in light of the Pennsylvania Supreme Court's decision in Cunningham, to rule on the merits of his petition instead of staying the petition. Judge Slomsky sent the matter back to the undersigned for a supplemental Report and Recommendation in light of the recent decision. For the reasons set forth below, my recommendation to stay the petition remains unchanged.


DISCUSSION

Absent unusual circumstances, the federal court will not consider the merits of a habeas corpus petition unless the petitioner has complied with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that the state courts be given a full and fair opportunity to address the Petitioner's claims. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (citing Murray v. Carrier, 477 U.S. 478, 488-89(1986)). Vest's claim is clearly unexhausted and is currently pending before the state court.

3

Ordinarily, a habeas petition containing an unexhausted claim must be dismissed without prejudice pending exhaustion. However, the Supreme Court's decision in Rhines v. Weber, 544 U.S. 269 (2005), allows the federal court in limited circumstances court to issue a protective stay pending exhaustion, rather than dismissing the petition. Id. at 270. Such action is appropriate where "(1) good cause exists for the petitioner's failure to exhaust all claims, (2) the unexhausted claims are not 'plainly meritless,' and (3) there is an absence of any indication that the petitioner is engaged in 'potentially dilatory tactics." Id. at 278. The Third Circuit has now held that the stay and abeyance procedure is not limited to "mixed" petitions (petitions containing both exhausted and unexhausted claims), but is also available in cases such as this, where there is only an unexhausted claim. See Heleva v. Brooks, 581 F.3d 187, 191-93 (3d Cir. 2009).

On June 25, 2012, the United States Supreme court decided Miller v. Alabama, 132 S. Ct. 2455 (2012). In Miller, the Supreme Court held that the Eighth Amendment requires individualized sentencing before a youthful offender can be sentenced to lifetime imprisonment for a homicide offense. Miller v. Alabama, 132 S. Ct. 2455 (2012). Miller did not prohibit any sentence for youthful offenders who have committed murders, "but instead mandates only that a sentence follow a certain process... before imposing a particular penalty." See Miller, 132 S. Ct. at 2471. In Commonwealth v. Batts, 66 A.3d 286 (Pa. 2013), the Supreme Court addressed the effect of Miller on cases that had not yet become final on direct review when Miller was decided. Since I issued my initial Report and Recommendation in this case, the Pennsylvania Supreme Court held that Miller does not apply retroactively to cases on collateral review. Commonwealth v. Cunningham, 2013 WL 5814388 (Pa., Oct. 30, 2013). However, the District Attorney's Office has informed the Court that defense counsel in Cunningham intends to seek certiorari in

4

the United States Supreme Court, to review the issue of whether Miller is retroactive. Furthermore, Vest's PCRA petition remains pending and his claims remain unexhausted.

We find that a stay is warranted in this case. As we previously stated, there is good cause for Vest's failure to exhaust this claim earlier. The claim is not "plainly meritless" and there is no indication that Vest has engaged in any potentially dilatory tactics. See Rhines v. Weber, 544 U.S. at 278. Shortly following the Miller decision, on July 11, 2012, Vest raised the issue in a PCRA petition. On June 10, 2013, he protectively filed this habeas petition. Although Vest did not specifically requested a stay and abeyance, he acknowledged that his PCRA petition is pending and that the lower state courts were waiting for the Pennsylvania Supreme Court's decision in Cunningham to see if the Miller rule applies. See petition at p. 6. Although the Pennsylvania Supreme Court has now decided in Commonwealth v. Cunningham that Miller is not to apply retroactively, they have not yet ruled on Vest's pending appeal, which could be affected by a writ of certiorari in Cunningham. His petition in state court remains pending and the claim is not exhausted. Furthermore, the United States Supreme Court has not ruled on this issue.

Vest wishes for this court to rule on the merits of his petition. However, in addition to the claim still not being exhausted, his petition also remains untimely under 2241(d)(1)(A). If it was held that Miller is to apply retroactively to cases on collateral review, Vest would have one year from the date of the Miller decision (June 25, 2012) to file a timely habeas decision in this court. See 28 U.S.C. 2244(d)(1)(C). However, this has not happened. Unless the United States Supreme Court finds that Miller is to apply retroactively to cases on collateral review, Vest's petition will remain untimely. Under these circumstances, we recommend that the petition be stayed pending the appeal in state court, rather than dismissed without prejudice. If Vest is not

successful in state court, he may then reactivate his federal petition after exhausting the claim in state court. Therefore, I recommend that the petition be stayed and held in abeyance pending exhaustion of the claim in state court and that Vest and Respondents notify this court within 30 days of the conclusion of the state proceedings, so the habeas petition can proceed in this court, if necessary.

For the foregoing reasons, I make the following:

## RECOMMENDATION

AND NOW, this 11th day of February, 2014, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be STAYED and held in ABEYANCE. IT IS FURTHER RECOMMENDED that the court require Petitioner and Respondents to notify the court within 30 days of the conclusion of the state appellate proceedings so the habeas petition may proceed in this court and if Petitioner fails to return to federal court within 30 days of the conclusion of his state proceedings, his petition be DISMISSED without prejudice. There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability. **The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.**

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

Copies sent to the Plaintiff

6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL T. VEST | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 13-3845 |
| JEROME WALSH, et al. | : | |

## ORDER

AND NOW, this _____ day of _____, 2014, upon careful and

independent consideration of the petition for writ of habeas corpus, and after review of the

Supplemental Report and Recommendation of United States Magistrate Judge Jacob P. Hart, IT

IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition for a writ of habeas corpus is STAYED and held in ABEYANCE until the

conclusion of Petitioner's state court proceedings.

3. Petitioner shall return to federal court within thirty days following the conclusion of

his state court proceedings. If he does not return to federal court within thirty days following the

conclusion of his state court proceedings, this stay and abeyance order is vacated and his petition

is dismissed without prejudice.

4. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:


_____

JOEL H. SLOMSKY, J.